**In re Donald INSLEY, Debtor.**

**Robert J. Lowther, Jr., Plaintiff,**

v.

**Donald Insley, Defendant.**

**Bankruptcy No. 03–34234–MBM.
Adversary No. 04–2690–MBM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 24, 2004.

Guy C. Fustine, Knox McLaughlin Gornall & Sennett P.C., Erie, PA, for plaintiff.

Ronald B. Roteman, Campbell & Levine, LLC, Pittsburgh, PA, for defendant.

Stanley G. Makoroff, Pittsburgh, PA, trustee.

### MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

**AND NOW,** this **24th day** of **August, 2004,** upon consideration of (a) the adversary complaint filed by Robert J. Lowther, Jr. (hereafter "Lowther"), wherein Lowther (i) objects to the Chapter 7 discharge of Donald Insley, the instant Debtor (hereafter "the Debtor"), pursuant to 11 U.S.C. § 727(a)(2)—(5) & (7) (Count 1), (ii) seeks to have his pre-petition claims against the Debtor declared nondischargeable pursuant to 11 U.S.C. § 523(a)(4) (Count 2), and (iii) objects to the Debtor's claim for an exemption of the Debtor's personal residence (Count 3), (b) the Debtor's motion to dismiss Lowther's complaint in its entirety pursuant to Fed.R.Bankr.P. 7012(b) and Fed.R.Civ.P. 12(b)(6), which dismissal motion the Debtor bases upon, *inter alia,* Lowther's alleged lack of standing to pursue the three causes of action that are set forth in his complaint, and (c) all of the exhibits attached to the aforesaid complaint and dismissal motion, as well as those that were handed up as exhibits at the hearing regarding such dismissal motion;

and after notice and a hearing on the Debtor's motion to dismiss held on August 16, 2004,

it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The Debtor's motion to dismiss shall henceforth be treated as one for **SUMMARY JUDGMENT** and disposed of as provided in Fed.R.Civ.P. 56 (made applicable herein via Fed.R.Bankr.P. 7056) because (a) such dismissal motion was brought under Fed.R.Civ.P. 12(b)(6), (b) matters outside of Lowther's complaint were presented to, and were accepted and considered by, the Court in ruling upon such dismissal motion, namely the numerous aforementioned exhibits, and (c) such a motion to dismiss, when coupled with the introduction of evidence outside of a pleading, must be dealt with as if it is one for summary judgment, *see* Fed.R.Civ.P. 12(b), 28 U.S.C.A. (West 1992) (last sentence thereof). For the sake of convenience, the Court shall nevertheless continue throughout the instant memorandum and order to refer to the Debtor's dismissal motion as such notwithstanding that it must be treated as one for summary judgment.

2. **Lowther possesses standing** to pursue each of the three causes of action presented in his complaint, that is his objection to the Debtor's discharge, his nondischargeability cause of action under § 523(a)(4), and his objection to an exemption of the Debtor. Accordingly, the Debtor's motion to dismiss cannot be granted with respect to any of the three causes of action brought by Lowther on the ground that Lowther lacks such standing. The Debtor contends that Lowther lacks such standing on the ground that, as of the bar date and the dates upon which Lowther sought to extend, and was granted an extension of, such bar date for bringing the three causes of action in question (hereafter col-

lectively referred to as "the Bar Date"), which three dates are respectively March 8, 2004,[1] February 5, 2004, and March 16, 2004, he (a) did not then possess an allowed claim against the Debtor, and (b) consequently was not then a creditor of the Debtor. In arguing as the Debtor does, the Debtor relies upon cases that stand for the proposition that a creditor cannot object to discharge under § 727 or object to an exemption of a debtor if such creditor's claim has been disallowed. The Court rejects the Debtor's position and rules that Lowther possesses relevant standing because the Court finds, in turn, that Lowther possessed, as of the Bar Date, several contingent claims for contribution against the Debtor, which contingent contribution claims (a) pertinently had not been disallowed as of the Bar Date, and (b) pertinently also cannot be disallowed in the future, indeed are henceforth allowed and, pursuant to 11 U.S.C. § 502(e)(2), are now allowed as of—i.e., relate back to— the date upon which the instant bankruptcy case was commenced, given that such contribution claims have, since the Bar Date, become fixed by virtue of Lowther's payment of partnership debts for which both he and the Debtor were personally liable. In ruling as the Court does, the Court pertinently distinguishes between the instant matter and the cases upon which the Debtor relies, that is those that ascertained a lack of standing on behalf of the plaintiffs that brought actions against the debtors therein, by pointing out that, in contrast to the plaintiffs in such latter cases, Lowther possessed a claim against the Debtor that had not been, and now will never be, disallowed as of the Bar Date. As a corollary, the Court finds to be irrelevant to the issue of standing the fact that, as of the Bar Date and absent the relation back mechanism afforded by § 502(e)(2), Lowther's contingent contribution claims had not yet become fixed and consequently allowed; instead, what is relevant is that such claims had never been disallowed prior to the Bar Date. Finally, because the Debtor concedes that Lowther was personally liable on, and thus possessed a contingent contribution claim against the Debtor for, certain of the partnership debts that Lowther ultimately paid subsequent to the Bar Date, namely those partnership debts that Lowther satisfied on August 6, 2004, and August 12, 2004, it matters not whether Lowther was also personally liable on, and thus also possessed a contingent contribution claim against the Debtor for, that partnership debt that Lowther satisfied on March 16, 2004. However, and as an aside, the Court concludes that Lowther was personally liable on that partnership debt that Lowther satisfied on March 16, 2004 (hereafter "the Satisfied Debt"), which conclusion the Court arrives at by virtue of the fact that Lowther was a partner in the partnership that incurred the Satisfied Debt (hereafter "Insmer Real Estate") when

1. The bar date for objecting to exemptions, which differs from the bar dates for objecting to discharge and bringing a § 523(a)(4) non- dischargeability action, was February 6, 2004, in the instant bankruptcy case.

the Satisfied Debt was incurred by Insmer Real Estate—the latter finding is compelled because Lowther became a partner in Insmer Real Estate on February 4, 1998, *see* Lowther Hearing Ex. 7, which date precedes the guarantee by Insmer Real Estate on May 18, 1999, of, *inter alia,* the Satisfied Debt, *see* Lowther Hearing Ex. 8 & Insley Hearing Ex. 8 (General Guaranty and Suretyship Agreement, dat. May 18, 1999, at ¶ II— i.e., guarantee of "all *present* and future obligations ... of Borrower to Bank").

3. The releases contained in the two Settlement Agreements between, among others, the Debtor and Lowther, that is those agreements dated May 16, 2001, and September 20, 2001, do not prevent Lowther from possessing, as of the Bar Date, the contingent claims for contribution against the Debtor that are referred to by the Court in the preceding paragraph of the instant memorandum and order. The Court so rules on the basis of particular language contained in the Settlement Agreements that preserves such claims for contribution in favor of Lowther, *see* May 16, 2001 Settlement Agmt. ¶ 22(b)(i) (last sentence thereof) & September 20, 2001 Settlement Agmt. ¶ 8(d)—Settlement Agmts. are attached as Ex's. G–1 & G–2 to the Debtor's Mot. to Dismiss. Consequently, such settlement agreements do not operate to divest Lowther of standing to bring his three causes of action set forth in his complaint.

4. The Debtor's motion to dismiss, in particular, Lowther's ob-jection to the Debtor's discharge is **generally DENIED WITHOUT PREJUDICE.** The Court so rules because (a) Lowther possesses standing to so object, and (b) genuine disputed factual issues abound with respect to much of the substance of Lowther's discharge objection. However, the Court **GRANTS** such dismissal motion **with respect to,** and thus overrules at this time, **that portion of Lowther's discharge objection that is predicated upon an alleged fraudulent transfer of funds to the Debtor from Allegheny Metalworking Corporation** (hereafter "Allegheny"), which entity is an insider of the Debtor that itself also filed for bankruptcy on November 25, 2002. The Court rules as it does because (a) Lowther contends that such transfer from Allegheny to the Debtor supports a denial of the Debtor's discharge pursuant to § 727(a)(7) via § 727(a)(2)(A), that is the Debtor's discharge should be denied pursuant to § 727(a)(7) since he allegedly violated § 727(a)(2)(A) on behalf of Allegheny, (b) only transfers of property that occur within one year of a bankruptcy petition filing may serve to support a denial of discharge under § 727(a)(2)(A), *see* 11 U.S.C.A. § 727(a)(2)(A) (West 1993), and (c) Lowther concedes, indeed alleges in his complaint, that any funds that Allegheny may have transferred to the Debtor were so transferred by at least June 26, 2001, which date is more than one year prior to Allegheny's November 25, 2002 petition filing.[2]

---

2. The Court notes that § 727(a)(7) also con-tains a one-year lookback period itself, which

5. The Debtor's motion to dismiss, in particular, Lowther's nondischargeability cause of action under § 523(a)(4) and, in particular, under that prong of § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, is **GRANTED.** The Court so rules because (a) the actionable fiduciary capacity under which Lowther alleges the Debtor acted when committing fraud or defalcation was as a partner of Lowther, (b) "unless there exists some additional fact [such as, for instance, the existence of an express trust], section 523(a)(4), as it relates to a debtor acting in a fiduciary capacity, does not generally apply to frauds of ... partners," 4 *Collier on Bankruptcy,* ¶ 523.10[1][c] at 523–73 (Bender 2004) (citing, *inter alia, In re Spector,* 133 B.R. 733 (Bankr.E.D.Pa. 1991)), (c) there does not exist, indeed there was not even pled, in the instant matter an express trust or, for that matter, any other such additional fact so as to make actionable under § 523(a)(4) the partnership capacity of the Debtor, and (d) the Debtor, with respect to Lowther, thus did not act in a "fiduciary capacity" within the meaning of such phrase for purposes of § 523(a)(4) by mere virtue of the Debtor's status as a partner of Lowther.

6. The Debtor's motion to dismiss, in particular, Lowther's objection to the Debtor's claim for an exemption of the Debtor's personal residence is **GRANTED.** The Court so rules because that the Debtor, as Lowther alleges, may have received a fraudulent conveyance of funds from Allegheny that then provided the Debtor with the financial wherewithal to purchase some portion of his personal residence does not, by itself, constitute a valid objection to the Debtor's exemption of such personal residence. However, and of course, if the bankruptcy trustee for the Allegheny bankruptcy estate chooses to pursue, and is then successful in pursuing, an avoidance action against the Debtor for such funds in question under 11 U.S.C. § 544(b)(1), then the Debtor's exemption of the portion of his personal residence that may have been purchased with such funds would ultimately not stand by virtue of the imposition of a constructive trust.

**IN SUMMARY,** (a) the **Debtor's motion to dismiss** shall be treated as one for **SUMMARY JUDGMENT,** (b) such motion, with respect to Lowther's objection to discharge (Count 1), is **GRANTED in part and DENIED in part,** and (c) such motion is **GRANTED** with respect to Lowther's § 523(a)(4) nondischargeability cause of action (Count 2) and his objection to an exemption of the Debtor (Count 3).

one-year lookback period, of course, also could not be satisfied by the alleged transfer of funds from Allegheny to the Debtor on or prior to June 26, 2001.